UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

DISABLED PATRIOTS OF AMERICA, INC.,
a Florida Not-For-Profit corporation, and
EFREM WALKER, Individually,

    Plaintiffs,        Case No.

v.

OAKLAND POINT PARTNERS, LLC, a
Michigan Limited Liability Corporation,

    Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit Corporation, and EFREM WALKER, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, OAKLAND POINT PARTNERS, LLC, a Michigan Limited Liability Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, EFREM WALKER, is an individual residing in Pontiac, MI, in the County of Oakland.

2. Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E Street, Lake Worth, FL 33460, in the County of Palm Beach.

3. Defendant's property, Oakland Point Shopping Center, is located at 220 N. Telegraph Road, Pontiac, Michigan 48341 in Oakland County.

4. Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff EFREM WALKER is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. EFREM WALKER has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 7.

7. Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their

disabilities. DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access

and the ADA violations set forth herein.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Oakland Point Shopping Center and is located at 220 N. Telegraph Road, Pontiac, Michigan 48341.

10. DISABLED PATRIOTS OF AMERICA, INC. and EFREM WALKER have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. EFREM WALKER desires to visit Oakland Point Shopping Center not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,

1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Oakland Point Shopping Center has shown that violations exist. These violations include, but are not limited to:

**Parking**

A. Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

B. The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

C. The disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

**Entrance Access and Path of Travel**

A. There are interior doors of the building that exceed the maximum force of 5 lb to open in violation of Section 4.13.11 of the ADAAG whose resolution is readily achievable whose resolution is readily achievable.

B. There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

C. There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

D. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

E. The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG whose resolution is readily achievable.

**Access to Goods and Services**

A. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

B. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

  C. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

  D. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

**Restrooms**

  A. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

  B. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

  C. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

  D. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

  E. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

  F. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

  G. There is a changing area provided for public use that does not comply with the requirements of the ADAAG whose resolution is readily achievable.

  H. There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

13.  The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the

        Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

16. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

18. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Oakland Point Shopping Center to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

    a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans

        with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

*Counsel for Plaintiffs:*

\s\ Owen B Dunn Jr -- dated: September 5, 2008

Owen B. Dunn, Jr., Esq. (P66315)
Law Office of Owen B. Dunn, Jr.
520 Madison Ave., Suite 330
Toledo, OH 43604

(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net